IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2570-S-BN |
| | § | |
| EQUIFAX INFORMATION SERVICES | § | |
| LLC | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charlotte Carroll filed a *pro se* petition in a Dallas County, Texas state court alleging that "Equifax … report[ed] a debt on my credit that they should not be" and "refus[ed] to remove it." Dkt. No. 1-2 at 2 (emphasis omitted). Defendant Equifax Information Services LLC then removed Carroll's lawsuit to federal court, asserting that Carroll "seeks damages for Defendant's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*" (the "FCRA"). Dkt. No. 1 at 2.

United States District Judge Karen Gren Scholer referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* remand the action to state court because Equifax – the party seeking to invoke the Court's subject matter jurisdiction – has not established it.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

And, due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

The Court also has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), because "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Federal question jurisdiction under Section 1331 is the only basis for subject matter jurisdiction invoked in the notice of removal.

Such "jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that 'a suit "arises under" federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] law.'" *Adame v. Echo Global Logistics, LLC*, No. 3:21-cv-1464-L, 2022 WL 272121, at *5 (N.D. Tex. Jan. 12, 2022) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)), *rec. accepted*, 2022 WL 270857 (N.D. Tex. Jan. 28, 2022); *see also Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 4d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based

on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001))); *Albert v. Vertical Screen, Inc.*, No. 3:13-cv-1234-P, 2014 WL 11515385, at *1 (N.D. Tex. Jan. 14, 2014) ("That federal law may provide a defense to a state law claim does not create federal question jurisdiction." (citations omitted)).

So, "there is generally no federal question jurisdiction" "[i]n cases where the plaintiff has pled only state law causes of action," *Adame*, 2022 WL 272121, at *5 – "which a plaintiff may do, 'even when federal remedies might also exist,'" *Preston v. Mossbarger*, No. 3:15-cv-1903-N, 2015 WL 4742549, at *3 (N.D. Tex. Aug. 10, 2015) (quoting *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); citing *McLaren v. Railamerica, Inc.*, No. 3:01-cv-91-D, 2001 WL 366431, at *1 (N.D. Tex. Mar. 21, 2001) ("The well-pleaded complaint rule makes the plaintiff 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'")).

And "[i]t makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide." *Preston*, 2015 WL 4742549, at *3 (citation omitted).

As the preceding paragraph implies,

[t]he complete preemption doctrine is an exception to the well-pleaded complaint rule. Under this jurisdictional doctrine, a federal court may

assert jurisdiction over a complaint that purports to rest on state law where the law governing the complaint is exclusively federal. In other words, "what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes because the federal statute so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all."

*Adame*, 2022 WL 272121, at *5 (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008); citation omitted); *see also id.* at *6 ("Complete preemption is distinct from ordinary preemption, which constitutes a defense but does not provide federal jurisdiction. In general, complete preemption is 'less common and more extraordinary' than ordinary preemption, and the United States Supreme Court has found complete preemption only three times." (citations omitted)).

> To establish complete preemption, [the removing defendant] must [ ] show that: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right;" and (3) there is a clear congressional intent that the federal cause of action be exclusive. *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)). Once established, the question becomes whether [the plaintiff] "could have brought" [the] state-law claims under the federal cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). If so, they are completely preempted.

*Mitchell v. AdvancedHCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022).

And, "in analyzing federal-question jurisdiction on the basis of complete preemption, courts 'should also refer to the "artful pleading" doctrine, which is an "independent corollary" to the well-pleaded complaint rule.'" *Yan v. US Aviation Grp., LLC*, 509 F. Supp. 3d 642, 649 (E.D. Tex. 2020) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).

"'Under this principle, even though the plaintiff has artfully avoided any

suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding the federal question.' [But t]he artful-pleading doctrine applies only where the state law is subject to complete preemption." *Id.* (quoting *Bernhard*, 523 F.3d at 551); *see also Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020) ("Under the artful-pleading doctrine, a federal court may have federal-question jurisdiction over a state-law claim in only two circumstances: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003))).

## Analysis

Carroll's sole allegation in support of her only claim is that the named defendant did "the following: Reporting a debt on my credit that they should not be, and refusing to remove it." Dkt. No. 1-2 at 2 (emphasis omitted). And, while Carroll cites no federal law, Equifax interprets this allegation as asserting a violation of the FCRA. Even so, Equifax fails to cite to a specific provision of that statute or to explain how Carroll's allegation "arises under" the FCRA (or another federal law) or how this allegation "is either wholly federal or nothing at all."

And the failure to conduct the complete preemption analysis set out above prevents the undersigned from concluding that the removing party has carried its burden to establish federal subject matter jurisdiction.

Regardless, while the FCRA appears to contain two preemption provisions (15 U.S.C. §§ 1681h(e) and 1681t), *see, e.g.*, *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 486-91 (N.D. Tex. 2011); *Albert*, 2014 WL 11515385, at *2,

"because the FCRA expressly states that it does not completely preempt certain state law claims, [Equifax] cannot argue that the 'super preemption'" – or complete preemption – "doctrine applies in this case to bar any and all state-law claims against a consumer reporting agency, or arising out of conduct governed by the FCRA," *Ponder v. Experian Info. Solutions, Inc.*, No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158, at *7 (N.D. Ga. June 15, 2021) (collecting cases), *rec. adopted*, 2021 WL 3403527 (N.D. Ga. July 7, 2021); *see also Albert*, 2014 WL 11515385, at *2-*4 (concluding that neither 15 U.S.C. § 1681s-2 nor § 1681i completely preempts state law); *Meisel*, 795 F. Supp. 2d at 491 ("Accordingly, Bank has failed to carry its burden to show that Congress clearly intended for civil actions against furnishers of credit information to be exclusively litigated in federal court, the court lacks federal-question jurisdiction, and this case should be remanded to the state court from whence it came." (footnote omitted)).

So, simply put, the removing defendant has not carried its burden to establish federal subject matter jurisdiction. And Congress has dictated that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## Recommendation

The Court should *sua sponte* remand this lawsuit to the state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 29, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE